## PATRICK GARRATY v. PATRICK DUFFY.

Where the grantor of a lot of land reserves in his deed of it, for the use of his adjoining lot, "a free passage to and from the well" on the land granted, and the particular way to the well has been fixed by agreement and use, or by use so exclusive and continued as to afford presumptive evidence of agreement, neither the grantor, nor his successor in the title, can, without consent of the owner of the servient lot, change the way thus fixed, or by blocking up the old way by an addition to his house, acquire a right to open a new way to the well.

Consequential damage caused by building a house so near the land of another, that the eaves of the house project over and shadow, and cast the water drip from the same upon the land, cannot be recovered in an action of trespass, but must be sought in an action of the case.

TRESPASS for breaking and entering the plaintiff's close, bounded southerly by Lockwood street, in Providence, tearing down his fence, and crossing his land in one place, excavating and carrying off his soil in another part of his close, building a wall and house on, or so near it that the eave-boards and roof of the house projected over the same.

Plea, the general issue, with liberty reserved by agreement to give any special matter in defence under it.

At the trial before the court, to whom the cause was submitted in fact and law, it appeared that the plaintiff and defendant, who were owners of adjoining lots, both derived title from Joshua Grinnell, who formerly owned both lots, and sold the lot now belonging to the plaintiff, to one Thomas Ahern, by deed dated April 18th, 1851, "reserving," in the deed, "a free passage to and from the well on the premises" to his remaining lot; that Grinnell lived on this remaining lot for about two years after the sale of the lot to Ahern, and exercised his reserved right of way to the well on it, exclusively, through a gangway some ten or twelve feet wide, which passed along the north line of the lot, close by the back fence, and that there was a gate used exclusively by Grinnell for access to the plaintiff's land and well, and afterwards by one Bennett, who succeeded him in the possession of the lot; that the defendant derived title to the said remaining lot by deed, dated March 12th, 1857, and in 1859 and 1860 built an addition to his house which projected across the gang-

way, without consulting Ahern, the owner of the other lot, say-ing that he could get some other way to the well, and did use another way for about a year, before the plaintiff bought of Ahern, by deed dated October 7th, 1861, which contained the same reservation as the deed from Grinnell to Ahern; that, upon the plaintiff's taking possession under his deed, he objected to the defendant's using the new way to the well, and built a fence cutting it off, which the defendant cut down and put a gate in, for passage to the well,—the new way passing by the door and under the windows of the plaintiff's house, to his annoyance. It was the cutting down of the plaintiff's fence and passing over his lot to the well by this new, and, as he claimed, unauthorized way, and the projection of, and water drip from, the addition to the defendant's house, for which the plaintiff claimed damages in this action.

C. A. Updike, for the plaintiff.

Thurston & Ripley, for the defendant.

AMES, C. J. There is no foundation for the defendant's claim, that because the reservation in Grinnell's deed to Ahern, and in Ahern's to the plaintiff, is in general terms, he can change his mode of access to the well at his convenience, after the mode reserved had been fixed by the assent of the original parties, as we must presume that it was, by several years exclusive use of a particular way. Indeed, if we are to believe the testimony of Grinnell, the gangway along the north line of the lot, close to the back fence, was the very way to the well which he had reserved, as well as used. The defendant chose to close this up by an addition to his house, without the consent of, or even consultation with, the owner of the other lot. By blocking up the old way, he certainly did not acquire a right to open a new one. A change of way can only be effected by agreement of the owners of both lots. The plaintiff is entitled to damages in this action for the breaking through his fence and traversing his lot in the unau-thorized manner which the evidence discloses; but the projection of the eaves of the addition to the defendant's house over the plaintiff's land, and the consequent damage to it by the water drip therefrom, is not a proper subject of claim in trespass, but in trespass on the case.

Judgment for the plaintiff for twenty dollars damages, and as the case comes here by the defendant's appeal from the Court of Common Pleas, with costs.